

# NUMBER 13-26-00284-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE PREMIER SMALL BUSINESS SERVICES, INC. D/B/A PAYROLL VAULT

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

### Before Chief Justice Tijerina and Justices West and Cron
### Memorandum Opinion by Chief Justice Tijerina[1]

Relator Premier Small Business Services, Inc. d/b/a Payroll Vault (Premier) filed a

petition for writ of mandamus asserting that: (1) the trial court[2] abused its discretion by

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

[2] This original proceeding arises from trial court cause number C-5570-25-M in the 476th District Court of Hidalgo County, Texas, and the respondent is the Honorable Nereida Lopez Singleterry. *See id.* R. 52.2.

staying enforcement of a domesticated foreign judgment, and (2) Premier lacks an adequate remedy by appeal to address this error. We agree with Premier, and we conditionally grant the petition for writ of mandamus.

## I.   BACKGROUND

On August 29, 2025, the Circuit Court of the City of Norfolk, Virginia, signed an "Order of Default Judgment" in Case No. 710CL25005927-00 in favor of Premier against Arc Primary Care LLC (Arc) and Richard Troy Nelson. The order stated that Arc and Nelson had been served but failed to timely file responsive pleadings, and the court thus held that Arc breached two agreements with Premier—an "Employee Retention Credit Refund Agreement" and an "Escrow Agreement"—and Nelson fraudulently induced Premier to enter these agreements. The order entered judgment against Arc and Nelson jointly and severally for $629,579.06 together with post judgment interest. The record does not contain other information about the litigation underlying the default judgment; however, it appears that Arc provides services to the elderly and to disabled children.

On November 17, 2025, in the 476th District Court of Hidalgo County, Texas, Premier filed a "Notice of Filing a Foreign Judgment" with an authenticated copy of the Virginia order, an "Affidavit of Filing Foreign Judgment Pursuant to the Uniform Enforcement of Foreign Judgments Act," and a "Proof of Mailing Notice of Filing Foreign Judgment." On November 21, 2025, Premier filed applications for writs of garnishment against Driscoll Children's Hospital, Centene Corporation, Lone Star National Bank (Lone Star), and United Healthcare Services, Inc. d/b/a United Healthcare (United Healthcare), on grounds that Arc and Nelson "do not possess property in Texas subject to execution sufficient to satisfy the judgment." On January 16, 2026, the trial court signed orders

2

granting Premier's applications and ordering the clerk to issue the requested writs of garnishment. These orders stated that there was "reason to believe" that the garnishees "may be indebted" to Arc and Nelson "or have effects belonging to" them. On February 3, 2026, the district clerk issued the writs of garnishment.

On February 9, 2026, Arc and Nelson filed a "Verified Original Counterclaim for Declaratory Relief and Application for Temporary Restraining Order and Temporary Injunction." Arc and Nelson sought declaratory relief regarding "the propriety, scope, and effect of the domestication filings and the post-judgment garnishment process, including whether all Texas requirements for notice, timing, procedure, and service have been satisfied, and whether any exemption, ownership, or due process issues preclude garnishment of specific property or debts." They further sought a temporary restraining order and a temporary injunction restraining and enjoining Premier, its agents, and any garnishee from:

a. Demanding, receiving, or causing disbursement of any funds or property of Arc or Nelson pursuant to any writ of garnishment issued in this [c]ause;

b. Instructing or inducing any garnishee to freeze, transfer, or remit funds or property of Arc or Nelson, including but not limited to banking institutions and insurers or payors of accounts receivable, pending further order of this [c]ourt; and

c. Taking any action to enforce any writ of garnishment in this [c]ause that would alter the status quo as of the date of the [temporary restraining order], pending a hearing on a temporary injunction.

That same day, the trial court granted the temporary restraining order in favor of Arc and Nelson. This order prevented Premier and others from: (1) demanding funds from Arc or Nelson pursuant to the writs of garnishment, (2) instructing any garnishee to freeze,

3

transfer, or remit funds belonging to Arc and Nelson, and (3) taking any action to enforce a writ of garnishment. The temporary restraining order set a bond of $300 and set the application for a temporary injunction to be heard on February 19, 2026.

At the hearing, the parties debated whether the funds held by Lone Star belonged to Arc's employees as salaries and whether the funds were therefore exempt from garnishment. The trial court requested the parties to provide briefing on this issue and extended the temporary restraining order for two weeks.

On February 23, 2026, Premier filed notices pursuant to Texas Rule of Civil Procedure 663a to Arc, Nelson, and the four garnishees. *See* TEX. R. CIV. P. 663a (governing the service of a writ of garnishment and other documents on the defendant). On February 25, 2026, Premier filed its brief regarding the propriety of garnishment, and on March 2, 2026, Premier filed its original answer to Arc and Nelson's counterclaim.

On March 3, 2026, Arc and Nelson filed a "Verified Motion to Stay Enforcement and to Dissolve Writs of Garnishment." They explained that Premier was enforcing a foreign default judgment by obtaining post-judgment writs of garnishment against their financial institutions and healthcare payors. They asserted that they were "in the process of filing a direct attack on the foreign judgment, challenging its validity." They alleged that they would suffer irreparable harm if immediate relief was not granted because "vital operating funds are being restrained before adjudication of the judgment's validity." Arc and Nelson requested the trial court to stay all enforcement proceedings and to dissolve the writs of garnishment currently in effect.[3]

---

[3] We note that Arc and Nelson did not reference or otherwise seek relief under section 35.006 of the Uniform Enforcement of Foreign Judgments Act. This section provides:

4

The parties thereafter entered a Rule 11 agreement scheduling the hearing on the temporary injunction and the motion to stay for March 12, 2026, and agreeing to maintain the status quo in the interim. *See* TEX. R. CIV. P. 11. On March 11, 2026, Premier filed a response to Arc's and Nelson's motion to stay. The trial court held a non-evidentiary hearing regarding these issues on March 12, 2026. Thereafter, on March 16, 2026, the trial court signed an "Order Granting Defendants' Motion to Stay Enforcement":

> On this day, the Court considered [Arc's and Nelson's] Verified Motion to Stay Enforcement and Motion to Dissolve Writs of Garnishment. After reviewing the motion, any responses filed, and the arguments of counsel, the [c]ourt finds that good cause exists to grant the motion to stay enforcement.
>
> The [c]ourt finds that [Arc and Nelson] have demonstrated that a substantial challenge to the underlying judgment is pending, that [Arc and Nelson] will suffer irreparable harm absent a stay of enforcement proceedings, and that the balance of equities favors maintaining the status quo.
>
> **IT IS THEREFORE ORDERED** that all enforcement proceedings in the above-styled and numbered cause, including but not limited to all writs of garnishment issued against [Lone Star], Centene Corporation, Driscoll Children's Hospital, and United Healthcare, are hereby **STAYED** for a period of ninety (90) days.

---

(a)     If the judgment debtor shows the court that an appeal from the foreign judgment is pending or will be taken, that the time for taking an appeal has not expired, or that a stay of execution has been granted, has been requested, or will be requested, and proves that the judgment debtor has furnished or will furnish the security for the satisfaction of the judgment required by the state in which it was rendered, the court shall stay enforcement of the foreign judgment until the appeal is concluded, the time for appeal expires, or the stay of execution expires or is vacated.

(b)     If the judgment debtor shows the court a ground on which enforcement of a judgment of the court of this state would be stayed, the court shall stay enforcement of the foreign judgment for an appropriate period and require the same security for suspending enforcement of the judgment that is required in this state in accordance with Section 52.006.

TEX. CIV. PRAC. & REM. CODE § 35.006. Nor did Arc and Nelson seek to supersede the judgment under Texas Rule of Appellate Procedure 24. *See* TEX. R. APP. P. 24 (governing the suspension of enforcement of judgment pending appeal in civil cases).

5

**IT IS FURTHER ORDERED** that during the stay period [Arc and Nelson] are to utilize all funds in any of the above accounts only in the normal scope of their business operations.

**IT IS FURTHER ORDERED** that [Premier] shall not initiate any new enforcement actions, including but not limited to additional writs of garnishment, writs of execution, or turnover proceedings, or direct any garnishees to freeze any funds during the stay period.

**IT IS FURTHER ORDERED** that a status conference be held on May 28, 2026, at 11:00 AM to determine the status of Defendants challenge to the underlying judgment.

This original proceeding ensued. Premier claims that the trial court abused its discretion by issuing the March 16, 2026 order and it lacks an adequate remedy by appeal. Premier asserts, in summary, that the trial court's order is void because it lacked plenary power to issue the order. We ordered Arc and Nelson to file a response to the petition for writ of mandamus. *See* TEX. R. APP. P. 52.4, 52.8, 52.10. They filed a response asserting that the trial court acted within its discretion in granting a temporary stay of the proceedings and that the trial court's order is not void. Arc and Nelson allege that they "face[d] irreparable harm absent relief, while [Premier] suffers only a temporary delay in collection of the judgment." Premier has filed a reply in support of its request for mandamus relief.

## II.    MANDAMUS

A writ of mandamus is an extraordinary remedy available only when the trial court clearly abused its discretion and the party seeking relief lacks an adequate remedy on appeal. *In re Ill. Nat'l Ins.*, 685 S.W.3d 826, 834 (Tex. 2024) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding); *Walker v. Packer*,

6

827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). Alternatively, when "a trial court issues an order 'beyond its jurisdiction,' mandamus relief is appropriate because such an order is void ab initio." *In re Panchakarla*, 602 S.W.3d 536, 539 (Tex. 2020) (orig. proceeding) (per curiam) (quoting *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding) (per curiam)). If the order is void, the relator need not show that it lacks an adequate remedy by appeal. *See In re Vaishangi, Inc.*, 442 S.W.3d 256, 261 (Tex. 2014) (orig. proceeding) (per curiam); *In re Sw. Bell Tel. Co.*, 35 S.W.3d at 605.

### III. ENFORCEMENT OF FOREIGN JUDGMENTS

The United States Constitution requires each state to give full faith and credit to the public acts, records, and judicial proceedings of other states. U.S. CONST. art. IV, § 1; *see Elec. Red Ventures, LLC v. RDF Agent, LLC*, 721 S.W.3d 529, 538 (Tex. App.—Houston [14th Dist.] 2025, no pet.). The enforcement of a foreign judgment in Texas is governed by the Uniform Enforcement of Foreign Judgments Act (UEFJA). *See* TEX. CIV. PRAC. & REM. CODE §§ 35.001–.008. Under the UEFJA, "[a] copy of a foreign judgment authenticated in accordance with an act of congress or a statute of this state may be filed in the office of the clerk of any court of competent jurisdiction of this state," and "[t]he clerk shall treat the foreign judgment in the same manner as a judgment of the court in which the foreign judgment is filed." *Id.* § 35.003(a), (b).

"A filed foreign judgment has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, staying, enforcing, or satisfying a judgment as a judgment of the court in which it is filed." *Id.* § 35.003(c). The filing of a foreign judgment is in the "nature of both a plaintiff's original petition and a final judgment: the filing initiates the enforcement proceeding, but it also instantly creates a

7

Texas judgment that is enforceable." *Couns. Fin. Servs., L.L.C. v. David McQuade Leibowitz, P.C.*, 311 S.W.3d 45, 50 (Tex. App.—San Antonio 2010, pet. denied). After this occurs, the defendant has the burden of collaterally attacking the judgment by establishing a recognized exception to the full faith and credit requirements. *Gilbert v. Morgan*, No. 01-24-00467-CV, 2025 WL 3165465, at *2 (Tex. App.—Houston [1st Dist.] Nov. 13, 2025, no pet.) (mem. op.); *Russo v. Dear*, 105 S.W.3d 43, 46 (Tex. App.—Dallas 2003, pet. denied). However, a proceeding to enforce a foreign judgment "may not be used to relitigate the merits of the original controversy." *Gilbert*, 2025 WL 3165465, at *2; *see Cash Reg. Sales & Servs. of Hous., Inc. v. Copelco Cap., Inc.*, 62 S.W.3d 278, 281 (Tex. App.—Houston [1st Dist.] 2001, no pet.) ("[N]o defense may be set up that goes to the merits of the original controversy.").

## IV.    PLENARY POWER

In general, a trial court's plenary power extends for thirty days after it signs a judgment. *See Alexander Dubose Jefferson & Townsend LLP v. Chevron Phillips Chem. Co., L.P.*, 540 S.W.3d 577, 581 (Tex. 2018); *see also* TEX. R. CIV. P. 329b(d). A party may extend the time the trial court retains plenary power by timely filing a motion for new trial. *Mitschke v. Borromeo*, 645 S.W.3d 251, 253 (Tex. 2022). A motion for new trial must be filed prior to or within thirty days after the judgment is signed. *See* TEX. R. CIV. P. 329b(a); *In re Moran*, 635 S.W.3d 394, 401 (Tex. App.—Beaumont 2021, orig. proceeding). When a party timely files a motion for new trial, the trial court retains plenary power to grant a new trial or vacate, modify, correct, or reform the judgment until thirty days after all such timely-filed motions are overruled by order or operation of law. TEX. R. CIV. P. 329b(e). If a trial court does not rule on a motion for new trial within seventy-five days after the

8

judgment is signed, it is overruled by operation of law. *See id.* R. 329b(c). A motion to contest recognition of a foreign judgment is "in the nature of a collateral attack" but "operates procedurally as a motion for new trial" for purposes of appellate timetables and the trial court's plenary power over the matter. *Couns. Fin. Servs.*, 311 S.W.3d at 53; *see Gilbert*, 2025 WL 3165465, at *3; *Bhardwaj v. Pathak*, No. 05-14-01030-CV, 2015 WL 4882522, at *3 (Tex. App.—Dallas Aug. 17, 2015, no pet.) (mem. op.).

Generally, once plenary power expires, a trial court lacks jurisdiction to act and any orders it may issue are void. *Elec. Reliability Council of Tex., Inc. v. Panda Power Generation Infrastructure Fund, LLC*, 619 S.W.3d 628, 640 (Tex. 2021); *In re Sw. Bell Tel. Co.*, 35 S.W.3d at 605. "When a trial court acts on a foreign judgment outside of its plenary power, the action is a nullity." *Howell v. Dyck-O'Neal, Inc.*, 682 S.W.3d 906, 908 (Tex. App.—Waco 2023, no pet.); *see Gilbert*, 2025 WL 3165465, at *3; *Willis v. Atistar Mortg. Sols., LLC*, No. 03-23-00377-CV, 2025 WL 1759099, at *7 (Tex. App.—Austin June 26, 2025, pet. denied) (mem. op.); *see also Jaycap Fin., Ltd. v. Neustaedter*, No. 13-17-00680-CV, 2019 WL 6793825, at *5 (Tex. App.—Corpus Christi–Edinburg Dec. 12, 2019, no pet.) (mem. op.) (Tijerina, C.J., concurring and dissenting) (dissenting "to the extent that the majority concludes that the trial court had jurisdiction" to enter a post-judgment injunction).

However, after the expiration of plenary power, the trial court may still perform certain duties such as correcting clerical mistakes in the judgment, enforcing the judgment, and supervising post-judgment discovery to aid in enforcement of the judgment. *See, e.g.*, *Arndt v. Farris*, 633 S.W.2d 497, 499 (Tex. 1982) (orig. proceeding); *In re RDF Agent, LLC*, No. 14-23-00967-CV, 2024 WL 5252062, at *4 (Tex. App.—

9

Houston [14th Dist.] Dec. 31, 2024, orig. proceeding) (mem. op.); *Gloston v. Ellison*, 651 S.W.3d 637, 641 (Tex. App.—Houston [14th Dist.] 2022, no pet.). However, the trial court may not issue an order that is inconsistent with the original judgment or that otherwise constitutes a material change in the substantive adjudicative portions of the judgment. *Gilbert*, 2025 WL 3165465, at *3; *In re RDF Agent, LLC*, 2024 WL 5252062, at *4; *Gloston*, 651 S.W.3d at 641. Further, the trial court may not require the performance of obligations other than those that were imposed by the final judgment. *Gilbert*, 2025 WL 3165465, at *3; *In re RDF Agent, LLC*, 2024 WL 5252062, at *4; *Gloston*, 651 S.W.3d at 641.

## V.    ANALYSIS

Premier filed its "Notice of Filing a Foreign Judgment" in Texas on November 17, 2025. The filing complied with the UEFJA, and therefore the judgment became enforceable as a Texas judgment on that date. *See* TEX. CIV. PRAC. & REM. CODE 35.003(b), (c). We treat a domesticated foreign judgment as a Texas final judgment; thus, the trial court had plenary power over the foreign judgment for thirty days absent a timely filed motion for new trial. *See* TEX. R. CIV. P. 306a(1), 329b(d); *Howell*, 682 S.W.3d at 907 (collecting cases). A motion for new trial was due within thirty days, or by December 17, 2025. *See* TEX. R. CIV. P. 329b(a); *In re Moran*, 635 S.W.3d at 401.

Arc and Nelson did not file a motion for new trial or other motion contesting the recognition of the foreign judgment within thirty days. *See* TEX. R. CIV. P. 329b(a); *Couns. Fin. Servs.*, 311 S.W.3d at 53; *see Gilbert*, 2025 WL 3165465, at *3; *Bhardwaj*, 2015 WL 4882522, at *3. Rather, Arc and Nelson did not file any pleading assailing the domesticated foreign judgment until February 9, 2026, when they filed their "Verified Original Counterclaim for Declaratory Relief and Application for Temporary Restraining

10

Order and Temporary Injunction." Accordingly, the trial court's plenary power expired thirty days after the foreign judgment was filed in Texas on November 17, 2025.

Arc and Nelson nevertheless assert that the trial court's order is not void because the trial court retains authority to enforce and supervise its judgments, even after plenary power expires, and an order regulating enforcement, such as a temporary stay, does not modify the judgment. They contend that because the trial court did not alter the substantive rights adjudicated in the judgment, its order is valid.

The trial court's March 16, 2026 order stayed all enforcement proceedings regarding the foreign judgment, required Arc and Nelson "to utilize all funds in any of the above accounts only in the normal scope of their business operations," and prohibited Premier from initiating any new enforcement actions. We conclude that the trial court exceeded its authority by issuing this order after the expiration of its plenary power. The order impermissibly imposed new obligations on Arc, Nelson, and Premier that were not contained in the foreign judgment. *See Gilbert*, 2025 WL 3165465, at *3; *In re RDF Agent, LLC*, 2024 WL 5252062, at *4; *Gloston*, 651 S.W.3d at 641. Further, the order prohibited enforcement of the foreign judgment rather than facilitating it. The "extremely limited" enforcement power that may be exercised by the court after the expiration of plenary power is to "cause its judgments and decrees to be carried into execution." *Panda Energy Corp. v. Allstate Ins.*, 91 S.W.3d 29, 32 (Tex. App.—Dallas 2002, pet. granted, judgm't vacated w.r.m.) (citation modified); *see* TEX. R. CIV. P. 308; *see also Transam. Life Ins. v. Helmer*, No. 05-18-00747-CV, 2019 WL 3026771, at *2 (Tex. App.—Dallas July 11, 2019, no pet.) (mem. op.). The order at issue did not have the purpose or effect of enforcing the

11

judgment and instead hindered it. *See Panda Energy Corp.*, 91 S.W.3d at 32. This was not a legitimate exercise of the trial court's post-plenary power enforcement authority.

We conclude that the trial court lacked jurisdiction to issue the March 16, 2026 order. Accordingly, the trial court's order is void and has no effect. *See Brys v. Cobb*, No. 01-24-00726-CV, 2026 WL 1171120, at *2 (Tex. App.—Houston [1st Dist.] Apr. 30, 2026, no pet. h.) (mem. op.); *Malone v. Emmert Indus. Corp.*, 858 S.W.2d 547, 548 (Tex. App.—Houston [14th Dist.] 1993, writ denied) (after trial court's plenary power expired, it had no jurisdiction when it signed order vacating foreign judgment). In these circumstances, Premier need not show that it lacks an adequate remedy by appeal. *See In re Vaishangi, Inc.*, 442 S.W.3d at 261; *In re Sw. Bell Tel. Co.*, 35 S.W.3d at 605. We sustain both issues presented in this original proceeding.

## VI. CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus, the response, the reply, and the applicable law, is of the opinion that Premier has met its burden to obtain relief. Accordingly, we lift the stay previously imposed in this case. *See* TEX. R. APP. P. 52.10. We conditionally grant the petition for writ of mandamus. We direct the trial court to vacate its March 16, 2026 order and to proceed in accordance with our memorandum opinion. Our writ will be issued only if the trial court fails to promptly comply.

JAIME TIJERINA
Chief Justice

Delivered and filed on the
13th day of May, 2026.

12